**UNITED STATES ex rel. Jerome BARKAN, Petitioner,**

v.

**J.W. FAIRMAN, Respondent.**

**No. 83 C 8552.**

United States District Court, N.D. Illinois, E.D.

March 30, 1984.

---

Jerome Barkan, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

The instant matter concerns a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1976) by petitioner Jerome Barkan, an inmate at the Joliet Correctional Center, Joliet, Illinois. Before the Court is respondent's motion to dismiss the petition. For the reasons stated below, respondent's motion is granted and the petition for a writ of habeas corpus is hereby denied.

In February, 1982, Barkan pled guilty to the offenses of forgery, possession of a controlled substance and burglary. Barkan was then sentenced to a four-year term of probation provided that he enroll in a drug abuse treatment program. After two months, Barkan left the drug abuse treatment program without authority. Barkan was found guilty of violating the terms of probation and sentenced to concurrent terms of imprisonment of seven years for burglary, five years for forgery, and five years for possession of a controlled substance.

On June 29, 1983, the Appellate Court of Illinois, First Judicial District, entered an order affirming the trial court's conviction. *People v. Barkan,* 115 Ill.App.3d 1152, 78 Ill.Dec. 250, 461 N.E.2d 1084 (Ill.App.Ct. 1983). The appellate court acted upon information supplied by the public defender in support of a motion to withdraw as counsel for Barkan pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and upon the trial court record. In its order, the appellate court noted that the public defender had found no issue warranting argument on appeal, and after its own review of the transcript and record, the appellate court agreed. The court further stated that, "[c]opies of the brief and motion were sent to defendant [Barkan] and he was advised that he might submit any points in support of his appeal. He has not responded." *People v. Barkan,* No. 82–2670, *slip op.* at 2, (Ill. App.Ct. June 29, 1983).

On November 2, 1983, Barkan filed a petition for a writ of habeas corpus with this court. Two constitutional violations are alleged: (1) denial of due process and equal protection rights due to the sentencing judge's failure to properly admonish

Barkan as to the consequences of entering a guilty plea and (2) violation of the eighth amendment's prohibition against cruel and unusual punishment due to Barkan's "excessive and illegally imposed prison sentence." Petition, at 5. The State has moved to dismiss the petition arguing that since Barkan failed to present his claims to the Illinois Appellate Court, he has waived his right to present his claims in this Court. Barkan responds by asserting that he was unable to present his claims to the Illinois Appellate Court because the State failed to afford him a trial transcript prior to the appellate court's decision.

■ In order for this Court to consider Barkan's claims, and grant habeas corpus relief, Barkan must show cause for his failure to present the claims to the appellate court and resulting prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Barkan, however, has failed to show either cause or prejudice in this case.

On March 28, 1983, Barkan received notice from the public defender's office that an *Anders* brief would be filed and that the public defender would seek to withdraw as counsel on appeal. The public defender further advised Barkan that:

> Please note, however, that our withdrawal will not result in automatic dismissal of your appeal, nor will it foreclose your right to proceed *pro se.* This means that you could proceed with your appeal personally. Further, if you so desire, you may obtain your own attorney to continue with this appeal. *Normally, if the Court allows us to withdraw, it will give you additional time in which to proceed with the appeal.*

Petitioner's Reply Memorandum, filed February 16, 1984, at Exhibit 3 (emphasis supplied).

On April 14, 1983, the public defender advised Barkan that unless he contacted the appellate court directly, his appeal would likely be dismissed. Specifically, the public defender wrote:

> The Appellate Court should be contacting you shortly asking you if you intend to file a brief on your own behalf. *Be sure to respond quickly to them that you do and ask them for an extension of time in which to prepare (60 days). If you do not respond to their letter quickly, they will dismiss your appeal.*

*Id.* at Exhibit 4 (emphasis supplied). On June 8, 1983, Barkan wrote to the public defender requesting a copy of his trial transcript. The public defender responded by *again* informing Barkan that he must contact the appellate court directly. *Id.* at Exhibit 5. On June 29, 1983, the appellate court, noting that Barkan had failed to file any papers in support of his appeal, affirmed the judgment of the trial court. *People v. Barkan*, 115 Ill.App.3d 1152, 78 Ill.Dec. 250, 461 N.E.2d 1084 (Ill.App.Ct. 1983).

■ Although Barkan apparently did not receive his trial transcript until after the appellate court rendered its decision, Barkan had ample opportunity to seek an extension of time in which to file his brief in the appellate court. In fact, he was expressly informed to do so. *See* Petitioner's Reply Memorandum, filed February 16, 1984, at Exhibit 6. Given Barkan's failure to communicate with the appellate court concerning his appeal, the fact that he did not receive his trial transcripts cannot be viewed as sufficient cause for Barkan's failure to present his claims to the Illinois Appellate Court. Barkan, therefore, has waived his right to present his constitutional claims in a federal habeas corpus proceeding. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Even assuming, however, that failure by the State to provide transcripts constituted sufficient cause to satisfy the requirement of *Sykes*, the second part of the *Sykes* requirement, "prejudice," is not met. Before affirming the trial court's judgment, the Illinois Appellate Court considered the *Anders* brief and carefully reviewed the trial court record. In fact, the *Anders*

brief discussed the identical issues Barkan now presents to this Court. Thus, the appellate court was alerted to the admonishment and excessive sentence claims despite Barkan's failure to present those issues to the court. Since the appellate court considered the claims and found them to be without merit, this Court concludes that Barkan was not prejudiced by the State's failure to afford him a trial transcript.

## CONCLUSION

Respondent's motion to dismiss the petition for a writ of habeas corpus is granted. The petition for a writ of habeas corpus is hereby denied.

IT IS SO ORDERED.